UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                  CASE NO. 1:10-CR-17

v.

                                  HON. ROBERT J. JONKER

NICOLAS BALTAZAR-PASCUAL,

      Defendant.
_____/

**OPINION AND ORDER**

This case is before the Court following the Sixth Circuit's September 28, 2011, opinion affirming Defendant's conviction but vacating his sentence and remanding the case to this Court for re-sentencing. (docket # 25.) The Sixth Circuit issued its mandate consistent with its opinion on October 20, 2011. (docket # 26.) As indicated in a Notice the United States Attorney filed with the Court on December 6, 2011, "between the time of the Sixth Circuit Opinion in September and the mandate in October, the Defendant finished his sentence and was turned over to ICE custody and subsequently removed and returned back to his native country." (docket # 28.) This creates a dilemma: the Court can either commit clear error by re-sentencing Defendant despite his involuntary absence, or the Court can simply fail to implement the mandate of the Court of Appeals indefinitely, thus leaving Defendant with a conviction but no sentence in place. Neither option is appropriate.[1]

---

[1] Defendant must be present at a re-sentencing. Fed. R. Crim. P. 43(a)(3). Defendant was deported, and his absence from any proposed re-sentencing hearing is therefore involuntary. *See, e.g., United States v. Arrous*, 320 F.3d 355, 360 (2d Cir. 2003). The Court cannot re-sentence a Defendant in these circumstances without his presence. *See United States v. Garcia-Robles*, 640 F.3d 159, 163-64 (6th Cir. 2011).

District courts faced with this dilemma have resolved it in different ways with varying degrees of approval from the Court of Appeals. The district court in *United States v. Arrous*, 320 F.3d 355, 358 (2d Cir. 2003), decided to re-sentence the defendant despite his absence, which defense counsel dutifully appealed. On appeal, the Second Circuit held that re-sentencing without the Defendant constituted error, but that the error was harmless because the new sentence was shorter than the original. The district court in *United States v. Londono*, 100 F.3d 236, 240 (2d Cir. 1996), determined that by vacating the defendant's sentence, the Second Circuit had essentially nullified the conviction, and the district court therefore placed the case on the fugitive calendar until the defendant returned to the United States. *Id.* In response, the Second Circuit recalled its mandate, reinstated the district court's original sentence, and vacated the portion of the district court's decision that nullified the conviction and placed the defendant on the fugitive calendar. *Id.* at 242. In reaching this resolution, the Second Circuit took issue with the parties' failure to seek an amendment to the mandate before the district court attempted to deal with the issue on its own. *Id.*

In light of the issues the Second Circuit raised in *Arrous* and *Londono*, the District of Arizona—when faced with a similar situation—decided to invite the parties to seek an amendment to the Court of Appeals mandate. *United States v. Flores-Arvizu*, No. CR-05-0535, 2009 WL 4898318, at *3 (D.Ariz. Dec. 11, 2009). In reaching this decision, the district court reasoned that it could not re-sentence the defendant without his presence, even if such an error was ultimately determined to be harmless. *Id.* The court also correctly determined it could not simply affirm its original sentence, as this would be contrary to the Court of Appeals mandate. *Id.* Moreover, the solution the United States Attorney proposes in this case, which essentially requires the Court to leave the Sixth Circuit's mandate unfulfilled indefinitely pending Defendant's possible return to the

United States (docket # 28), is similarly problematic, as this solution would also violate the mandate.

For the reasons highlighted above, the Court adopts the approach articulated in *Flores-Arvizu* and requests that the parties formally seek an amendment to the Sixth Circuit's mandate, because the Court cannot re-sentence Defendant in his absence. This course of action will give the Sixth Circuit the opportunity to address the issue as it sees fit, while enabling the Court to avoid re-sentencing Defendant in knowing violation of Sixth Circuit precedent or to impermissibly disregard the Sixth Circuit's current mandate. Of course, the Court cannot at this time proceed with re-sentencing in Defendant's involuntary absence, and so the re-sentencing hearing currently set for December 13, 2011, is adjourned without date.

**IT IS SO ORDERED**.

Dated:  December 12, 2011          /s/Robert J. Jonker
                                   ROBERT J. JONKER
                                   UNITED STATES DISTRICT JUDGE